UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAMANTHA PACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-355-KAC-DCP |
| | ) | |
| UNITED CLEANUP OAK RIDGE, LLC; | ) | |
| and RSI ENTECH, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff Samanatha Pack's "Motion for Reconsideration or in the Alternative Motion to Amend the Complaint" [Doc. 43]. In that Motion, she seeks (1) reconsideration of the portions of the Court's March 12 Memorandum Opinion and Order [Doc. 39] that (a) dismissed her promissory estoppel, fraudulent misrepresentation, and promissory fraud claims for failure to state a claim and (b) denied her leave to amend and (2) in the alternative, leave to amend her complaint now. For the below reasons, the Court **DENIES** Plaintiff's Motion.

## I.      Background

The Court fully described the allegations of the Complaint in the March 12 Memorandum Opinion and Order [Doc. 39 at 1-3]. So, the Court only briefly summarizes them here.

The Complaint alleges that Ken Rueter, the President of Defendant United Cleanup Oak Ridge, LLC ("UCOR"), promised Plaintiff three (3) years of employment as the "Regulatory and Environmental Services" Manager on a bid for a new Cleanup Contract (the "Cleanup Contract") [*See* Doc. 1 ¶¶ 52, 53, 58, 62]. At the time, Defendant RSI Entech, LLC ("RSI"), a subcontractor of Defendant UCOR, employed Plaintiff [*See id.* ¶ 23]. And she was working at

RSI "full time" on a UCOR project [*See id.* ¶ 64]. To aid Defendant UCOR's bid, Plaintiff worked with its "proposal consultant" "on a very detailed resume of Plaintiff's qualifications and experience" [*Id.* ¶ 78]. At an oral presentation regarding the bid, Plaintiff "answered questions that were posed to her by DOE Representatives" [*Id.* ¶ 92]. Otherwise, the Complaint contains mostly conclusory statements about how Plaintiff relied on Rueter's promise and was injured because of her reliance [*See id.* ¶¶ 73, 86].

Defendant UCOR won the Cleanup Contract [*See id.* ¶ 93]. But things did not go well. UCOR ultimately released Plaintiff from working on the Cleanup Contract, and RSI terminated her [*See id.* ¶¶ 177-78].

Plaintiff filed suit against UCOR and RSI [*See* Doc. 1] As salient here, she raised claims against UCOR for promissory estoppel, intentional misrepresentation, and promissory fraud [*Id.* ¶¶ 221-23]. Defendant UCOR moved to dismiss those claims and others [Doc. 9]. Plaintiff largely opposed, and she requested "leave to file an amended Complaint to cure any potential deficiencies" if the Court was "inclined to grant any aspect of UCOR's Motion to Dismiss" [Doc. 17 at 2]. But she did not attach a proposed amended complaint as Local Rule 15.1 requires or otherwise identify the changes she would make [*See* Doc. 39 at 4-5].

While Defendant UCOR's Motion to Dismiss was pending, the action was reassigned to the undersigned [Doc. 32]. The undersigned issued an Amended Scheduling Order [*See* Doc. 35]. Under that Amended Scheduling Order, the deadline to file "[a]ny motion to amend the pleadings" was January 20, 2026 [*Id.* at 2]. On March 9, 2026, the Parties filed a joint motion "request[ing] that the Court extend all *remaining* deadlines by one hundred twenty (120) days" [Doc. 38 at 2 (emphasis added)]. That Joint Motion did not ask to extend the deadline to amend the pleadings, which had already expired.

2

On March 12, the Court issued a Memorandum Opinion and Order [Doc. 39]. The Court granted Defendant UCOR's Motion to Dismiss in part and denied it in part [*See id.*]. As relevant, the Court dismissed Plaintiff's claims for promissory estoppel, intentional misrepresentation, and promissory fraud for failure to state a claim [*See* Doc. 39 at 10-12]. And the Court denied Plaintiff's request for leave to amend her complaint [*See id.* at 4-5]. Thereafter, the Court granted the Parties' Joint Motion to amend the scheduling order, but as the Court noted, the deadline to amend the pleadings had expired and was not extended [*See* Doc. 41 at 3].

Plaintiff now asks the Court to (1) reconsider the portions of its March 12 Memorandum Opinion and Order that (a) dismissed her promissory estoppel, fraudulent misrepresentation, and promissory fraud claims for failure to state a claim and (b) denied her leave to amend and (2) in the alternative, grant her leave to amend her complaint now [*See* Doc. 43]. Plaintiff attached a proposed amended complaint to her Motion [*See* Doc. 43-1]. Defendant UCOR opposes Plaintiff's requests [Doc. 46]. Plaintiff replied [Doc. 47].

## II.    Analysis

Rule 54(b) recognizes the Court's authority "to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment." *See Adkisson v. Jacobs Eng'g Grp., Inc.*, 36 F.4th 686, 694 (6th Cir. 2022) (citation omitted). "District courts have discretion to reconsider 'interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *BLC Lexington SNF, LLC v. Townsend,* 171 F.4th 788, 796 (6th Cir. 2026) (quoting *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018)). But Rule 54(b) motions "may not be used to relitigate old matters." *Bailey v. Real Time Staffing Servs., Inc.*, 927 F. Supp. 2d 490, 501 (W.D. Tenn. 2012) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

3

Here, there is no basis to reconsider the Court's March 12 Memorandum Opinion and Order [Doc. 39]. Start with Plaintiff's argument that she sufficiently pleaded reliance on Rueter's alleged promise of employment to state a claim for promissory estoppel, intentional misrepresentation, and promissory fraud [*See* Doc. 76 at 1]. As the Court stated in its Memorandum Opinion and Order, to state a claim for promissory estoppel, a complaint must allege that a promisor "induce[d] a 'substantial change of position by the promisee' and the 'detriment suffered by the promisee in reliance must be substantial in an economic sense'" [Doc. 39 at 10 (quoting *Alden v. Presley*, 637 S.W.2d 862, 864 (Tenn. 1982))]. To state a claim for "intentional misrepresentation," a complaint must allege, as relevant here, that the promisor made a misrepresentation "that the plaintiff did not know was false and was justified in relying on its truth" and that "the plaintiff sustained damages as a result" [*Id.* at 11 (citing *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012))]. For the purposes of the instant Motion, Plaintiff's intentional misrepresentation and promissory fraud claims rise and fall together, so the Court addresses them together. The Complaint must state with particularity the "circumstances constituting fraud" [*See id.* at 11 (citing Fed. R. Civ. P. 9(b))]. "Conclusory statements of reliance" are not enough [*Id.* (quoting *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 852-53 (6th Cir. 2006))].

In factual substance, the Complaint alleges that Plaintiff worked on a resume that would be submitted to support the bid and "answered questions" during a presentation related to the bid [*See* Doc. 1 ¶¶ 78, 92]. Otherwise, the Complaint contains conclusory allegations about how Plaintiff changed her position in reliance on Rueter's promise and how she was injured because of that reliance [*See id.* ¶¶ 73, 86]. Those allegations are not enough to state a claim. And they do not, as Plaintiff now claims, allow the Court to infer that Plaintiff "worked numerous uncompensated hours and took on numerous and arduous tasks" in reliance on the representation

4

or "perform[ed] other tasks for over a year prior to" obtaining the new role [*See* Doc. 43 at 8].  Put simply, the Court correctly concluded that the Complaint failed to state facts showing the reliance required under the law [*See* Doc. 39 at 10-12].[1]

And March 12 Memorandum Opinion and Order properly denied leave to amend too [*See* Doc. 39 at 4-5].  Plaintiff failed in at least two ways.  First, she failed to comply with Local Rule 15.1 by filing a motion for leave to amend and attaching a copy of the proposed amended pleading to the motion [*Id.* at 4 (citing E.D. Tenn. L.R. 15.1)].  Second, even if failure to comply with the Court's Local Rules were forgiven, she did not attempt to describe the proposed changes she would make [*Id.* at 4-5 (citing *Forrester v. Am. Sec. & Pro Serv. LLC*, No. 21-5870, 2022 WL 1514905, *4 (6th Cir. May 13, 2022))].  Neither the law nor the evidence have changed on this point, and there is no error or need to prevent a manifest injustice.  So, the Court denies Plaintiff's request to reconsider portions of the March 12 Memorandum Opinion and Order.

That leaves Plaintiff's alternative request to amend her complaint now [*See* Doc. 43 at 9].  Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But the deadline to amend the pleadings passed on January 20, 2026 [*See* Doc. 35 at 2].  And Plaintiff asked for leave to amend months after that deadline [*See* Doc. 43].  So, she must show both "good cause" and "excusable neglect" to extend the deadline to file a motion to amend the pleadings.  *See* Fed. R. Civ. P. 6(b)(1)(B).  "The excusable neglect standard has consistently been held to be strict."  *See Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)).  The Court considers: "(1) the danger of prejudice to the nonmoving party, (2) the length

---

[1] The Court's conclusion that Plaintiff plausibly alleged that UCOR was Plaintiff's "employer" under the ADEA and THRA says nothing about this point [*Contra* Doc. 43 at 8].  These are separate legal inquiries with different legal standards.

of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Of these factors, "the excuse given for the late filing" has the "greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (quotation omitted).

Here, Plaintiff has not met her burden. Plaintiff failed to even address the timeliness of her alternative request to amend in her Motion [*See* Docs. 43, 47]. "[M]istake of counsel or ignorance of the rules" do not establish good cause. *See Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021); *see also Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992). Nor is it excusable neglect. *See McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002). Plaintiff provides no excuse for filing her request to amend over two (2) months after the deadline had passed and over a month after the Court denied her initial half-hearted request to amend. The law is clear: Plaintiff is not "entitled to an advisory opinion from the Court informing . . . [her] of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *See La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (cleaned up) (quoting *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000)).

And the facts that Plaintiff now seeks to add were known to her at the time she filed her Complaint [*See* Doc. 43-1 ¶¶ 219-228]. *See also Shane v. Bunzl Distr. USA, Inc.*, 275 F. App'x 535, 537-38 (6th Cir. 2008) (affirming denial of untimely motion for leave to amend "to add previously known *factual* allegations when there is no *legal* uncertainty"). So, Plaintiff's counsel's "oversight" was within Plaintiff's "reasonable control." *See Nafziger*, 467 F.3d at 522. At any point after Defendant UCOR filed its Motion to Dismiss, Plaintiff could have properly sought

6

leave to amend her Complaint and add the factual allegations that she now argues support the claims she seeks to revive. And there is some risk of prejudice to Defendant UCOR that would result from reviving previously-dismissed claims [*See* Doc. 46 at 7]. On balance, Plaintiff has not shown "good cause" and "excusable neglect." So, the Court denies her alternative request to amend her complaint now. *See* Fed. R. Civ. P. 6(b)(1)(B).

## III.     Conclusion

For the above reasons, the Court **DENIES** Plaintiff Samanatha Pack's "Motion for Reconsideration or in the Alternative Motion to Amend the Complaint" [Doc. 43].

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

7